BARTLETT, LEADER-PICONE & YOUNG, LLP
MALCOLM LEADER-PICONE (STATE BAR # 104620)
ROBERT S. BARTLETT (STATE BAR No. 79752)
KAIPO K.B. YOUNG (STATE BAR #164718)
2201 BROADWAY, SUITE 803
OAKLAND, CA 94612
TELEPHONE: (510) 444-2404
FACSIMILE: (510) 444-1291
EMAIL: MLP@LEADER-PICONE.COM
EMAIL: ROBERTB@BL-PLAW.COM
EMAIL: KYOUNG@BL-PLAW.COM
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO OFFICE

FOLEY & LARDNER, LLP,

    Plaintiff,

vs.

SALIM NATHOO aka DR. SALIM NATHOO; ORAL HEALTH CLINICAL SERVICES, LLC,

    Defendants.

No. C07 4572 MHP

COMPLAINT FOR OPEN-BOOK ACCOUNT, ACCOUNT STATED, SERVICES AND MATERIAL SUPPLIES AND BREACH OF CONTRACT

*Trial Date: Not Assigned*

Plaintiff respectfully alleges as follows:

**PARTIES**

1. Foley & Lardner, LLP (hereinafter referred to as "Foley") is a limited liability partnership under the laws of Wisconsin. Plaintiff has offices throughout the United States, including San Francisco, California. All services provided by Plaintiff to the Defendants revolve around a Complaint filed against the Defendants, and each of them, in the United States District Court for the Northern District of California entitled *BriteSmile, Inc. v. Discus Dental Inc.*, Case No. C02-03220 JSW.

2. Defendants are Salim Nathoo aka Dr. Salim Nathoo (hereinafter referred to as "Nathoo"), who resides in the State of New Jersey, and Oral Health Clinical Services, LLC (hereinafter referred to as "OHC"), which has its principal place of business in Piscataway, New Jersey.

## JURISDICTION AND VENUE

3. The District Court has jurisdiction over this civil action pursuant to 28 USC 1332(a) based on diversity and amount. The amount of the lawsuit is $ 618,796.20 plus accrued interest and costs. The locations of the parties' businesses are in San Francisco, California, and Piscataway, New Jersey.

4. The venue in this District is based upon 28 USC § 1391(a) because all work performed by the Plaintiff on behalf of the Defendants arose as a result of a lawsuit filed by third parties against the Defendants in federal court in the City and County of San Francisco.

## GENERAL ALLEGATIONS

5. Plaintiff provided labor and services (legal services) to the Defendants in the amount of $618,796.20. This sum included fees for legal work performed by the Plaintiff as well as costs incurred by the Plaintiff on behalf of the Defendants. Plaintiff sent Defendants invoices for fees and costs totaling the amount described above.

## FIRST CLAIM FOR RELIEF
### (Book Account)

6. Plaintiff realleges and incorporates the allegations contained in paragraphs one through five as though fully set forth herein.

7. Within the last four years Defendants became indebted to Plaintiff on an open book account for money due in the sum of $618,796.20.

8. The sum of $618,796.20, which is the reasonable value, is due and unpaid despite Plaintiff's demand, plus prejudgment interest at the rate of 12% from December 13, 2005, the date the sums mentioned above became due and owing.

## SECOND CLAIM FOR RELIEF
(Account Stated)

9. Plaintiff realleges and incorporates the allegations contained in paragraphs one through five as though fully set forth herein.

10. In the last four years Defendants became indebted to Plaintiff because an account was stated in writing by and between Plaintiff and Defendants in which it was agreed that Defendants were indebted to Plaintiff.

11. The sum of $618,796.20, which is the reasonable value, is due and unpaid despite Plaintiff's demand, plus prejudgment interest at the rate of 12% from December 13, 2005, the date the sums mentioned above became due and owing.

## THIRD CLAIM FOR RELIEF
(Work, Labor and Services Provided)

12. Plaintiff realleges and incorporates the allegations contained in paragraphs one through five as though fully set forth herein.

13. Within the last four years Plaintiff provided to Defendants work, labor and services which were rendered at the special instance and request of Defendants and for which Defendants promised to pay Plaintiff the sum of $618,796.20.

14. The sum of $618,796.20, which is the reasonable value, is due and unpaid despite Plaintiff's demand, plus prejudgment interest at the rate of 12% from December 13, 2005, the date the sums mentioned above became due and owing.

## FOURTH CLAIM FOR RELIEF
(Breach of Contract)

15. Plaintiff realleges and incorporates the allegations contained in paragraphs one through five as though fully set forth herein.

16. Plaintiff states that on July 13, 2004 a written agreement was made between all named parties. A copy of that Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

17. On December 13, 2005 Defendants breached the Agreement by failing to make payments under the Agreement.

18. Plaintiff has performed all of its obligations to Defendants under the terms of the Agreement.

19. Plaintiff suffered the following damages by Defendants' breach of the Agreement in the sum of $618,796.20 plus interest at the rate of 12% per annum from December 13, 2005 through date of Judgment.

**WHEREFORE** Plaintiff respectively requests entry of a judgment and order on all causes of action providing as follows:

1. For the sum of $618,796.20, the unpaid balance;

2. For costs of suit incurred herein;

3. For interest at the rate of 12% per annum from December 13, 2005;

4. For such other and further relief as the Court deems necessary and proper.

DATED: August 31, 2007.                BARTLETT, LEADER-PICONE & YOUNG, LLP

BY: _____
KAIPO K.B. YOUNG
Attorneys for Plaintiff
FOLEY & LARDNER, LLP

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW

THREE PALO ALTO SQUARE
3000 EL CAMINO REAL, SUITE 100
PALO ALTO, CA 94306
650.856.3700 TEL
650.856.3710 FAX
www.foley.com

July 12, 2004

WRITER'S DIRECT LINE
650.856.3752
pellisen@foley.com EMAIL

CLIENT/MATTER NUMBER
999700-0805

Dr. Salim Nathoo
216 Stelton Road
Unit E-1
Piscataway, NJ 08854

Dr. Salim Nathoo
Oral Health Clinical Services, LLC ("OHCS")
216 Stelton Road
Unit E-1
Piscataway, NJ 08854

Re:    AGREEMENT FOR LEGAL SERVICES

Dear Dr. Nathoo:

This letter will confirm the terms of our representation. As you know, the scope of our engagement will be to represent you (Dr. Salim Nathoo, individually, and Oral Health Clinical Services, LLC, collectively the "Client") in connection with legal services, more particularly, the matter of *Britesmile, Inc. v. Discus Dental Inc., et. al.*, and related counterclaims (hereinafter "the matter").

We have checked our records and have determined that we have no conflict of interest in undertaking this representation.

I will have primary responsibility for your representation and will utilize other firm lawyers and legal assistants as I believe appropriate in the circumstances.

Our fees will be based on the ethical rules governing our practice. The amount of our statement will be the fair value of the services provided taking into account the time and effort involved, the type of service we are being asked to perform, any special level of expertise required, the size and scope of the matter, the results obtained, and other relevant considerations.

We have agreed that an initial deposit ("retainer") of $75,000 will be required in connection with our representation. These funds will remain in our client trust account for the duration of our representation and will be applied against our final billing in the matter. Any remaining balance will be returned to you immediately upon termination of our representation. We reserve the right to use any part of said funds to satisfy a delinquent payment, and to discontinue our representation until you forward funds to restore the full retainer. From time to time, we may request additional retainer amounts.

Our fees are based predominantly on the time which we devote to the Client's matters and the then existing hourly rates for the personnel involved. At present, our hourly rates range from $325 to $650 for partners in the firm, from $195 to $375 for associates, and from $135 to $225 for legal assistants. My current billing rate is $495 per hour. From time to time, our rate structure in

Exhibit A

**▪FOLEY**

July 12, 2004
Page 2

general or the rates of particular attorneys or legal assistants may be increased. The new rates shall apply to all services rendered after the new rates have become effective. Adjustments from these hourly rates are made in some cases, either upwards or downwards, to account for complexity of issues, uniqueness of services, pervious experience of the involved personnel, etc. In addition to our fees, we also charge for certain expenses incurred by us on the Client's behalf, such as long distance telephone costs, document processing, faxing, photocopying, delivery costs, and travel expenses.

As you appreciate, the Firm represents many other companies and individuals throughout the United States and elsewhere. It is possible that during the time we are representing you, some of our present or future clients will have disputes, transactions, or other matters that involve you. For example, our present or future clients that have had or may hereafter have business dealings with you may now be or hereafter become involved in disputes, including litigation, against you. You agree that, even though we undertake to represent you in this matter, we may continue to represent or may in the future represent existing or new clients in any matter that is not substantially related to our work for you even if the interests of such clients in those other matters are directly adverse. We agree that no confidential information obtained in representing you will be used in any such other representation and that, if requested by you in an appropriate situation, we will establish ethical screens to assure that such confidential information is not obtained or used by the attorneys working on the other representations.

We will be representing you, Dr. Salim Nathoo and your company, OHCS. You may have other corporations and/or other business entities, including one or more subsidiaries or other affiliated companies. You have agreed that our representation of you in the matter described in paragraph 1 above does not give rise to an attorney-client relationship between the firm and any of your (other) affiliates. You also have agreed that the firm, during the course of its representation of you, will not be given any confidential information regarding any of your affiliates. Accordingly, representation in this matter will not give rise to any conflict of interest in the event other clients of the firm are adverse to any of your affiliates.

We are satisfied that our representation of other parties whose interests may be adverse to yours in such substantially unrelated matters will not affect our ability vigorously to represent your interests in this matter. Our ethical rules require that this advance consent to such representation be in writing. You may, of course, wish to consult other counsel before giving this consent.

Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable rules of professional conduct. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter and, if you so request, we will suggest to you possible successor counsel and provide it with whatever papers you have provided to us. If permission for withdrawal is required by a court, we will promptly apply for such permission, and you agree to engage successor counsel to represent you.

Unless previously terminated, our representation of you will terminate upon our sending you our final statement for services rendered in this matter. After our representation of you in connection with this matter is concluded, changes may occur in the applicable laws or regulations

June 24, 2004

**≡FOLEY**

July 12, 2004
Page 3

which could have an impact on your future rights and liabilities. While we would be happy to continue to represent you, we can assume no continuing obligation to advise you with respect to future legal developments, unless you specifically engage us to provide additional advice.

Following such termination, any otherwise nonpublic information you have supplied to us which is retained by us will be kept confidential in accordance with applicable rules of professional conduct. At your request, your papers and property will be returned to you promptly upon receipt of payment for outstanding fees and costs, unless applicable rules of professional responsibility require an earlier return. Our own files, including lawyer work product, pertaining to the matter will be retained by the firm. These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyers' work product such as drafts, notes, internal memoranda and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

Periodically, the firm may send information to clients about our firm or legal matters that may be of general interest. You agree that the Firm may send you this material by electronic mail, among other means. You also agree that we may communicate with you on matters related to this representation by e-mail on an unencrypted basis.

It is our policy to provide the most effective support systems available. We allocate the costs of such systems according to their usage. We will include on our statements separate charges for performing services such as photocopying, messenger and delivery service, computerized research, travel, long-distance telephone and telecopy, word processing, and search and filing fees. Certain services and expenses which involve payments to third parties include an additional charge based on our internal costs with respect to those services and expenses. Fees and expenses of others (such as consultants, appraisers, court reporters and local counsel) generally will not be paid by us, but will be billed directly to you.

Statements normally will be rendered monthly for work performed and expenses incurred the previous month. Payment is due promptly upon receipt of our statement. If any statement remains unpaid for more than 45 days, a late charge will be due on the outstanding balance at the rate of 1% per month. We may also cease performing services for you until arrangements satisfactory to us have been made for payment of outstanding statements and the payment of future fees and expenses.

Foley & Lardner LLP is a limited liability partnership under the laws of Wisconsin. This means your right to recover damages in a legal malpractice action that may exceed our insurance and firm assets is limited to the personal assets of the attorneys whose acts or omissions gave rise to your claim.

Either at the commencement or during the course of our representation, we may express opinions or beliefs concerning your matter and the results that might be anticipated. Any

**=FOLEY**

July 12, 2004
Page 4

such statement made by any partner or employee of our firm is intended to be an expression of opinion only, based on information available to us at the time, and should not be construed by you as a promise or guarantee.

      As we have discussed, the fees and costs relating to this matter are not predictable. Accordingly, we have made no commitment to you concerning the maximum fees and costs that will be necessary to resolve or complete this matter. Any estimate of fees and costs that we may have discussed represents only an estimate of such fees and costs. It is also expressly understood that payment of the firm's fees and costs is in no way contingent on the ultimate outcome of the matter.

                                                         Sincerely,

                                                         FOLEY & LARDNER LLP

                                                        By: _____
                                                            E. Patrick Ellisen

Enclosure

**AGREED & ACCEPTED:**

**DR. SALIM NATHOO**

By: _____
      Client Name

_____
Title

Date: ___7/13/04___

**ORAL HEALTH CLINICAL SERVICES, LLC**

By: _____

___Manager___
Title

Date: ___7/13/04___

June 24, 2004