STEVEN T. GUBNER—State Bar No. 156593
RICHARD D. BURSTEIN – State Bar No. 056661
COREY R. WEBER—State Bar No. 205912
**EZRA | BRUTZKUS | GUBNER LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@ebg-law.com
Email: rburstein@ebg-law.com
Email: cweber@ebg-law.com
Attorneys for Defendants, Salim Nathoo aka Dr. Salim Nathoo
and Oral Health Clinical Services, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO OFFICE

| | |
|---|---|
| FOLEY & LARDNER, LLP, <br><br> Plaintiff, <br><br> vs. <br><br> SALIM NATHOO, aka DR. SALIM NATHOO; ORAL HEALTH CLINICAL SERVICES, LLC, <br><br> Defendants. | Case No.: C 07 4572 MHP <br><br> **ANSWER TO COMPLAINT FOR OPEN BOOK ACCOUNT, ACCOUNT STATED, SERVICES AND MATERIAL SUPPLIES AND BREACH OF CONTRACT; DEMAND FOR JURY TRIAL** |

Defendants Salim Nathoo aka Dr. Salim Nathoo, Oral Health Clinical Services, LLC ("Defendants"), respond to the Complaint of Plaintiff as follows:

1. Answering the allegations of paragraph 1 of the Complaint, and lacking sufficient information or belief, and basing this denial thereon, Defendants deny the allegations of the first sentence of this paragraph. Except as denied herein, Defendants admit each and every allegation contained in this paragraph.

2. Defendants admit the allegations of paragraph 2 of the Complaint.

3. Defendants admit the allegations of paragraph 3 of the Complaint.

4. Defendants admit the allegations of paragraph 4 of the Complaint.

5. Answering the allegations of paragraph 5 of the Complaint, Defendants deny generally and specifically each and every allegation therein contained and further specifically deny that they are indebted to Plaintiff in the sum alleged, or in any sum, or at all.

6. Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1-5 above.

7. Answering the allegations of paragraph 7 of the Complaint, Defendants deny generally and specifically each and every allegation therein set forth and further specifically deny that they are indebted to Plaintiff in the sum alleged, or in any sum, or at all.

8. Answering the allegations of paragraph 8 of the Complaint, Defendants deny generally and specifically each and every allegation therein set forth and further specifically deny that they are indebted to Plaintiff in the sum alleged, or in any sum, or at all.

9. Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1-5 above.

10. Answering the allegations of paragraph 10 of the Complaint, Defendants deny generally and specifically each and every allegation therein set forth and further specifically deny that they are indebted to Plaintiff in the sum alleged, or in any sum, or at all.

11. Answering the allegations of paragraph 11 of the Complaint, Defendants deny generally and specifically each and every allegation therein set forth and further specifically deny that they are indebted to Plaintiff in the sum alleged, or in any sum, or at all.

12. Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1-5 above.

13. Answering the allegations of paragraph 13 of the Complaint, Defendants deny generally and specifically each and every allegation therein set forth and further specifically deny that they are indebted to Plaintiff in the sum alleged, or in any sum, or at all.

///

///

14. Answering the allegations of paragraph 14 of the Complaint, Defendants deny generally and specifically each and every allegation therein set forth and further specifically deny that they are indebted to Plaintiff in the sum alleged, or in any sum, or at all.

15. Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1-5 above.

16. Answering the allegations of paragraph 16 of the Complaint, Defendants admit that the document speaks for itself and, except as admitted herein, deny generally and specifically each and every allegation therein set forth.

17. Answering paragraph number 17 of the Complaint, Defendants deny generally and specifically each and every allegation therein contained.

18. Answering the allegations of paragraph 18 of the Complaint, Defendants deny generally and specifically each and every allegation therein contained.

19. Answering paragraph number 19 of the Complaint, Defendants deny generally and specifically each and every allegation therein contained, and further specifically deny that they are indebted to Plaintiff for the sums alleged, or in any sum, or at all.

**FIRST AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM FOR RELIEF)**

For a further and first affirmative defense, Defendants allege that the Complaint, and each and every purported claim for relief therein asserted, fails to state facts sufficient to constitute claims for relief against these answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(FAILURE TO COMPLY WITH CALIFORNIA BUSINESS AND PROFESSIONS CODE §6200-6206)**

For a further and second affirmative defense, Defendants allege that Plaintiff's Complaint is barred by its failure to comply with the provisions of California Business and Professions Code §6200 through and including §6206.

///

///

## THRID AFFIRMATIVE DEFENSE

### (OFFSET)

For a further and third affirmative defense, Defendants allege that they have offsets reducing or eliminating any recovery to which Plaintiff might be entitled, California Code of Civil Procedure § 431.70.

## FOURTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

For a further and fourth affirmative defense, Defendants allege that Plaintiff's recovery herein is barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (WAIVER)

For a further and fifth affirmative defense, Defendants allege that Plaintiff's recovery herein is barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

For a further and sixth affirmative defense, Defendants allege that Plaintiff's recovery herein is barred by the doctrine of unclean hands.

Wherefore, Defendants request dismissal of the Complaint, for judgment thereon in their favor and against Plaintiff, for costs of suit, and for such other and further relief as to the Court seems just and proper.

DATED: October 17, 2007          EZRA | BRUTZKUS | GUBNER LLP

_____
RICHARD D. BURSTEIN
Attorneys for Defendants Salim Nathoo aka Dr. Salim Nathoo and Oral Health Clinical Services, LLC

EZRA | BRUTZKUS | GUBNER LLP
21650 Oxnard Street
Suite 500
Woodland Hills, CA 91367

## DEMAND FOR JURY TRIAL

Defendants Salim Nathoo aka Dr. Salim Nathoo and Oral Health Clinical Services, LLC, pursuant to FRCP 38(b) and Civ. L. R. 3-6(a) hereby demand a jury trial herein of all issues so triable.

DATED: October 17, 2007

EZRA | BRUTZKUS | GUBNER LLP

_____
RICHARD D. BURSTEIN
Attorneys for Defendants Salim Nathoo aka Dr. Salim Nathoo and Oral Health Clinical Services, LLC

# PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is 21650 Oxnard Street, Suite 500 Woodland Hills, CA 91367.

On October 17, 2007, I served the following documents on the persons listed below, as follows: **ANSWER TO COMPLAINT FOR OPEN BOOK ACCOUNT, ACCOUNT STATED, SERVICES AND MATERIAL SUPPLIES AND BREACH OF CONTRACT; DEMAND FOR JURY TRIAL**

<u>Counsel to Plaintiff Foley & Lardner, LLP</u>
Bartlett, Leader-Picone & Young LLP
Malcolm Leader-Picone
Robert S. Bartlett
Kaipo K.B. Young
2201 Broadway, Suite 803
Oakland, CA 94612

[X] **By United States mail:** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Woodland Hills, CA.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 17, 2007, at Woodland Hills, CA.

*/s/ Jennifer Long*
JENNIFER LONG