1

2

3

4

5

6

7

8

9

10

11

12

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| FOLEY & LARDNER, LLP,<br><br>                    Plaintiff,<br><br>vs.<br><br>SALIM NATHOO aka DR. SALIM<br>NATHOO; ORAL HEALTH CLINICAL<br>SERVICES, LLC,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.  C 07-04572 MHP<br><br>**JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT and<br>[PROPOSED] ORDER.**<br><br>*Trial Date:  Not Assigned*<br><br>Date:   December 18, 2007<br>Time:  2:00 p.m. (Telephonic by agreement<br>of counsel with confirmation to Court Clerk)<br><br>**Honorable Marilyn Hall Patel** |

21          Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-7 and 16-8, the parties

22  jointly submit this Case Management Statement and Proposed Order. Each party certifies that its lead

23  trial counsel who will try this case met and conferred for the preparation of this Statement as required

24  by Civ. L.R. 16-4.

25          The parties agree that this Joint Case Management Conference Statement shall also

26  serve as the parties' Rule 26(f) Report and Initial Disclosures.

27          The parties make the following representations and recommendations:

28

---

**CASE MANAGEMENT STATEMENT AND PROPOSED ORDER          Case No. C 07-04572 MHP**
-1-

W:\CLIENTS\2834\01\DRAFT FORM & LAR\FINAL CMC JOINT PLEADING\REVISED F2NJOINT#6TMT 120307FINAL.DOC12/3/07

**A.    JOINT STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION.**

This is a collection matter. Plaintiff alleges it provided legal services and represented Defendants, and each of them, in the United States District Court for the Northern District of California case entitled *BriteSmile, Inc. v. Discus Dental Inc.*, Case No. C02-03220 JSW ("District Court Action"). Plaintiff's complaint alleges a claim for recovery of attorney's fees in the alleged unpaid balance amount of $618,796.20, plus costs and interest.

Defendants dispute the reasonableness of plaintiff's charges and the necessity of services.

**B.    PRINCIPAL ISSUES**

    1.    The principal factual issues that the parties dispute are:

        a.    See above.

    2.    The principal legal issues that the parties dispute are:

        a.    See above.

        b.    Whether defendants have waived their California Bus. & Prof. Code § 6200 et seq. right to fee arbitration with the Bar Association of San Francisco by filing an Answer in this case which asserts the right by affirmative defense?

        c.    What is the effect of Defendants' pending ADR proceeding with Discuss Dental before JAMS on preservation of rights?

    3.    The following issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue remain unresolved:

        None.

    4.    The following parties have not yet been served:

        None.

    5.    Any additional parties that a party intends to join are listed below:

        None.

    6.    Any additional claims that a party intends to add are listed below:

        None

**C.    ALTERNATIVE DISPUTE RESOLUTION**

The parties have agreed to participate in the following ADR process through the Court

process: Mediation (ADR L.R. 6). On November 27, 2007, the parties filed their Stipulation, and Proposed Order, selecting mediation. On November 28, 2007, the Court entered its order requiring the parties to complete their ADR session by the requested deadline of April 20, 2007. Defendants have suggested a mediation which includes Discus Dental if all agree.

**D.    CONSENT TO JURISDICTION BY A MAGISTRATE**

Parties <u>do not</u> consent to a jury or court trial presided over by a magistrate judge.

The Court hereby refers this case for the following purposes to a magistrate judge: Discovery Disputes.

**E.    DISCLOSURES**

The parties certify that they have made the following disclosures:

1.    Persons disclosed pursuant to Civ. L.R. 16-5:

    a.    Disclosed by Plaintiff:

        (1)    Attorney Patrick E. Ellisen;

        (2)    Attorney Nancy J. Geenen; and

        (3)    All associates and paralegals whose names appear in the billing invoices and who provided services in the District Court Action.

    b.    Disclosed by Defendants:

        (1)    Dr. Salim Nathoo

2.    Categories of documents disclosed under Civ. L.R. 16-5 or produced through formal discovery:

    a.    Categories of documents disclosed by Plaintiff:

        (1)    Legal services invoices; and

        (2)    Entire case files.

    b.    Categories of documents disclosed by Defendants:

        (1)    Entire case files;

        (2)    Emails;

        (3)    Notes; and

        (4)    Pleadings.

W:\CLIENTS...\PLEADINGS...LARKIN DECLAR...12/03/2007 PLEADINGS...FOR REPORT...STMT 120307FINAL.DOC12/3/07

3.      Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or the offset:

    a.      Plaintiff asserts damages in the amount of $618,796.20, plus costs and interest

    b.      Defendants assert that they have an offset equal to or in excess of the amount claimed by plaintiff, and/or that plaintiff is not entitled to the relief it seeks.

4.      All insurance policies as defined by Fed.R.Civ.P. 26(a)(1)(D) have been disclosed as follows:

    a.      None.

5.      The parties will disclose the following additional information by the date listed:

    a.      The parties will seasonably supplement their disclosures as needed and make the necessary disclosures as required by Rule 26.

6.      Disclosures as required by Fed.R.Civ.P. 26(e) will be supplemented at the following intervals:

    a.      With reasonable diligence as cause to supplement arises.

**F.      EARLY FILING OF MOTIONS**

The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below.

| **Moving Party** | **Nature of Motion** | **Hearing Date** |
| --- | --- | --- |
| Plaintiff | Motion for Summary Judgment | By deadline to file dispositive motions |
| Defendants | Motion for Summary Judgment | By deadline to file dispositive motions |

**G.      DISCOVERY**

1.      The parties have conducted or have underway the following discovery:

The parties are engaged in voluntary exchange of documents.

2.      The parties have negotiated the following discovery plan:

Plaintiff has agreed to produce its entire case files to defendant; thereafter, the parties will discuss written discovery and take depositions.

3.      <u>Limitations on discovery tools</u> in accordance with Civ. L.R. 30-1:

See G(2) above.

4.      The parties agree to the following limitations on the subject matter of discovery:

The parties do not anticipate any limitations on the subject matter of discovery beyond

the standard scope of discovery. All relevant and discoverable evidence that tends or would tend to lead to discoverable and admissible evidence shall be the subject matter of discovery.

     5.      Discovery from experts. The parties plan to offer expert testimony as to the following subject matter(s):

       Defendants' issue relating to the necessity and reasonableness of plaintiff's legal services and charges.

     6.      The Court orders the following additional limitations on the subject matter of discovery:

       None at this time

     7.      Deadline for disclosure of witnesses and completion of discovery:

       a.      Disclosure of identities of all witnesses to be called in each party's case-in-chief:

          Plaintiff: At the time of preparation of joint pre-trial order.

          Defendants: At the time of preparation of joint pre-trial order.

       b.      Completion of all discovery except from experts (see Civ. L.R. 26-5):

          As provided in Fed.R.Civ. P. 26 based on the trial date to be set by the Court

       c.      Disclosure of identities, resumes, final reports and all other matters required by Fed.R.Civ.P.26(a)(2):

          Plaintiff: See 7(b) above.

          Defendants: See 7(b) above.

       d.      Completion of discovery from experts (see Civ. L.R. 26-5)

          See 7(b) above.

**H.     PRETIRIAL AND TRIAL SCHEDULE**

    1.    Trial Date:

    2.    Anticipated length of trial (number of days): 5 days

    3.    Type of trial: Jury

    4.    Final pretrial conference date: 30 days prior to trial

    5.    Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ. L.R. 16-9(b), complying with the provisions of Civ. L.R. 16-8(b)(7)-(10) and other materials as may be required by the assigned judge:

_____

    6.    Date for filing objections under Civ. L.R. 16-8(b)(11) (objections to exhibits or testimony):

_____

    7.    Deadline to hear motions directed to the merits of all or part of case.

_____

NOTE: Lead trial counsel who will try this case shall meet and confer at least 30 days prior to the pretrial conference for the purposes of Civ. L.R. 16-9(a) which includes preparation of the joint pretrial conference statement and all other materials required by §H.5 above. Lead trial counsel shall also be present at the pretrial conference. (See Fed.R.Civ.P.16(d))

**I.     Date of next case management/status conference:** See J below.

**J.     OTHER MATTERS**

        Defendants have requested the entire cases file from plaintiff relating to the District Court Action. According to plaintiff, there are over 300 files in existence. These case files are in the process of being retrieved from storage and produced. The parties request a new case management conference set in 90 days.

**K.    IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

DATED:  December 3, 2007.                    BARTLETT, LEADER-PICONE & YOUNG, LLP

                                             BY: /s/ Kaipo K.B. Young #164718
                                                 MALCOLM LEADER-PICONE
                                                 KAIPO K.B. YOUNG
                                                 Attorneys for Plaintiff
                                                 FOLEY & LARDNER, LLP

DATED:  December 3, 2007.                    EZRA | BRUTZKUS | GUBNER LLP

                                             BY: /s/ Richard D Burstein
                                                 RICHARD D. BURSTEIN
                                                 Attorneys for Defendants
                                                 SALIM NATHOO aka DR. SALIM NATHOO;
                                                 ORAL HEALTH CLINICAL SERVICES, LLC

        The Court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to this conference. The court adopts this statement as modified and enters of this court pursuant to Civ. L.R.16-8(b).

        The foregoing joint statement as amended is adopted by this court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

        IT IS SO ORDRED.

DATED:  _____.             _____
                                            MARILYN HALL PATEL,
                                            UNITED STATES DISTRICT JUDGE